UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-346-SLC |
| ) | |
| CHRISTINE KOTSOPOULOS, Individually, ) | |
| d/b/a Cancun Mexican Grill, and ) | |
| GEO-JOE LLP, An Unknown Business Entity ) | |
| d/b/a Cancun Mexican Grill, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff J&J Sports Productions, Inc. ("J&J"), brought this suit against Defendants Christine Kotsopoulos and GEO-JOE LLP, alleging the unauthorized interception or receipt of its transmission of the Cotto/Margaritio boxing program ("the program") at Cancun Mexican Grill on December 3, 2011. (DE 1). J&J claims that Defendants Kotsopoulos and GEO-JOE LLP had control and supervision of the activities of Cancun Mexican Grill, a commercial establishment which J&J alleges illegally intercepted and exhibited the program. (DE 1).

The complaint in this action contains three counts. Count I alleges unauthorized publication or use of communications in violation of 47 U.S.C. § 605. (DE 1 ¶¶ 15-24). Count II alleges unauthorized reception of cable services in violation of 47 U.S.C. § 553. (DE 1 ¶¶ 25-29). Count III alleges conversion of the program under common law. (DE 1 ¶¶ 30-33). J&J seeks statutory damages as well as attorney's fees and costs. (DE 1 at 7-8).

In the instant motion, J&J has moved for default judgment or summary judgment (DE 25), and the motion has been fully briefed by the parties (DE 26, 30, 31, 32). The motion is now

ripe for adjudication.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The program was nationally broadcast on December 3, 2011. (DE 26 at 5 ¶ 9; DE 30 at 2). J&J had the exclusive nationwide commercial distribution rights to the program at the time of its broadcast. (DE 26 at 5 ¶ 9; DE 30 at 2). J&J alleges that Cancun Mexican Grill, a commercial establishment in Fort Wayne, Indiana, unlawfully intercepted and broadcast the program on December 3, 2011. (DE 26 at 3-4 ¶¶ 1-8). J&J bases its allegations on the affidavit of a hired investigator, Ernesto A. Tatad, who went to Cancun Mexican Grill on Saturday, December 3, 2011, and saw that the establishment was broadcasting the program. (DE 26-2 at 2-3).

J&J initiated this action by filing its complaint on December 2, 2013. (DE 1). It is uncontested that Defendants were served with process. (DE 26 at 2; DE 6). Defendants, after being served with process, filed a notice extending their deadline until February 3, 2014, to file their answer to J&J's complaint, noting that all parties had agreed to the extension. (DE 6).

On February 3, 2014, Defendants filed a Motion for Joinder or Substitution of a Real Party in Interest, in which Defendants sought to join Roque Calvo and Alejandro Arenas, doing business as Cancun Mexican Grill, as defendants to this action. (DE 9). Also on February 3, 2014, Defendants filed a Motion to Stay the case pending resolution of Kotsopoulos's bankruptcy case. (DE 10). Defendants later moved to withdraw their motion to stay (DE 15), and the Court permitted the motion to stay to be withdrawn (DE 17). The Court held a hearing on March 31, 2014, during which it denied Defendants' joinder motion. (DE 21). At the hearing, the Court set a discovery deadline of October 31, 2014, and a dispositive motion deadline of December 1,

2

2014. (DE 21).

After Defendants' motion for joinder was denied on March 31, 2014, Defendants had 14 days to file their responsive pleading. Fed. R. Civ. P. 12(a)(4)(A). Defendants did not file an answer or other responsive pleading by their deadline of April 14, 2014. J&J filed the instant motion for summary judgment or default judgment on December 1, 2014, along with a memorandum and exhibits in support. (DE 25; DE 26). Only on January 16, 2015, after J&J had already filed its dispositive motion, did Defendants file their answer and affirmative defenses—more than nine months after the expiration of the deadline to answer. (DE 29). Defendants did not seek the Court's permission to file their answer after the expiration of the deadline, nor did they include any excuse or reason for the untimely filing. (DE 29).

## II. MOTION FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. "Federal Rule of Civil Procedure 12(a) requires a defendant to file an answer within twenty days after the service of the summons and complaint; the failure to do so may result in the defendant's default under Federal Rule of Civil Procedure 55(a)." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1397 (7th Cir. 1993); *Laur v. R & W Concrete, LLC*, No. 2:10-CV-0218-JD-PRC, 2011 WL 6151538, at *2 (N.D. Ind. Dec. 12, 2011). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See C & S Mgmt., LLC, v. Superior Canopy Corp.*, No. 1:08-CV-0029, 2013 WL 5291961, at *1 (N.D. Ind. Sept. 18, 2013); *Wolf Lake Terminals v. Mut.*

3

*Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk must enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Once a plaintiff obtains entry of default by the clerk, the plaintiff then "must apply to the court for a default judgment" where the case does not allege damages of a sum certain. Fed. R. Civ. P. 55(b)(2).

Here, there has been no entry of default by the clerk on the record. However, where a party moves the court for default judgment without having previously obtained an entry of default by the clerk, the court may consider the motion as both a petition for entry of default and a motion for default judgment. *Wolf Lake Terminals, Inc.*, 433 F. Supp. 2d at 941. The Court will thus so consider this motion by J&J. At the time J&J made its motion, Defendants had not filed their answer by the deadline under Rule 12(a); thus, it is clear that Defendants were in default under Rule 55(a). J&J's motion will therefore be GRANTED IN PART, and the Court will DIRECT the Clerk to enter a Default by Defendants in this case.

Now the Court must determine whether to enter a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. When a party applies for judgment by default under Rule 55, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (3d ed.). A plaintiff moving for default judgment "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Sawyer v. Columbia Coll.*, No. 09 C 6962, 2013 WL 587532, at *2 (N.D. Ill. Feb. 14, 2013) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (3d ed.). In determining whether to

4

enter a default judgment, the court may consider a number of factors including "the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt." *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (3d ed.)); *see also C & S Mgmt., LLC*, 2013 WL 5291961, at *2; *Wolf Lake Terminals, Inc.*, 433 F. Supp. 2d at 941.

While the Seventh Circuit Court of Appeals has articulated that it has "a policy of favoring trial on the merits over default judgment," *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (citations omitted), it has also made clear that it "no longer disfavors default judgments," *Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995)). The Seventh Circuit has noted that as caseloads have expanded, it has "in recent years become more tolerant of the use of default judgments 'in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not.'" *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) (citations omitted). Entry of default judgment is justified "if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003) (citing *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987)). The "touchstone" of default judgment analysis is "excusable neglect." *Johnson*, 35 F.3d at 1117 (citations and internal quotation marks omitted).

Here, there is no question that Defendants neglected to file their answer by the deadline

proscribed in Rule 12 of the Federal Rules of Civil Procedure. In fact, Defendants did not file their answer to J&J's complaint until more than 9 months after their deadline had expired, and Defendants filed their answer only after J&J had filed the instant motion for default judgment. It is readily apparent that Defendants have not been vigorously pursuing their defense of this case.

"[T]he Supreme Court [has] identified several factors relevant to whether a party's neglect of a deadline is excusable: 'The danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith.'" *Comerica Bank v. Esposito*, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Defendants' late filing of their answer constitutes neglect, but this neglect is not excusable, as Defendants have not even made the slightest attempt to explain or excuse their extreme tardiness. *See United States v. Marbley*, 81 F.3d 51, 52 (7th Cir. 1996) (noting that where a party fails to offer any excuse for late filing, "the judge cannot determine whether the late filing was the result of excusable neglect"). Not only have Defendants failed to provide any reasons for the delay, it is also clear that the other factors weigh against finding their neglect excusable, as there is significant danger of prejudice to J&J, given the lengthy delay of nine months, and there would also be significant impact on the judicial proceedings.

Discovery closed in this case on December 31, 2014, under the scheduling order set by the Court at the preliminary pretrial conference on March 31, 2014. (DE 21). Both parties were present telephonically at the conference, and thus were aware of this deadline. Furthermore, the dispositive motions deadline was set for December 1, 2014, during the preliminary pretrial

conference. (DE 21). These deadlines have now long since passed. Were the Court to find Defendants' neglect of their deadline to answer the complaint excusable, and thus deny J&J's motion for default judgment and permit Defendants to defend the case, J&J would be highly prejudiced by Defendants' filing of their answer so late in the case, after the closure of discovery and the expiration of the dispositive motion deadline. Furthermore, given J&J's representations that Defendants have not participated fully in discovery and have failed to respond to the majority of J&J's discovery requests, it is clear that there would be great prejudice to J&J, such that modifications to the scheduling order, including reopening of expired deadlines, would likely be necessary. The Court does not reopen expired deadlines absent extraordinary circumstances, which are not present here, as Defendants have provided no reason at all for their lengthy absence after having previously participated during the initial proceedings in the case.

Defendants now argue that default judgment should not be granted because there is a genuine issue of material fact as to whether they are even the correct defendants in this case. However, the Seventh Circuit has made it clear that a meritorious defense is not "sufficient . . . for relief in the absence of some legitimate excuse for the default," which Defendants have failed to provide here. *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) (affirming the default judgment and stating that it was "difficult to understand" why the defendants would allow the default to occur, particularly in a case in which there is a significant amount of money at stake and where the defendants argued a meritorious defense existed, but concluding—as the district court had concluded—that the defendants "simply had a lack of regard for the rules and procedures of the court").

For these reasons, it appears that entry of a default judgment against Defendants is

7

warranted in this case.  It is hard to comprehend how Defendants believed they could ignore their obligations to defend this case without consequence.  Indeed, Defendants' actions evidence a complete disregard for the rules and procedures of this Court.

However, because J&J is not suing for a sum certain, J&J must introduce evidence establishing the amount of compensatory damages it seeks, as well as on any grounds it has for seeking an award of punitive damages.  *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citations omitted).  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).   The Seventh Circuit has made clear that "judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits.'"  *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  J&J has not submitted evidence or affidavits establishing the amount of damages to the necessary degree of "reasonable certainty."  *e360 Insight*, 500 F.3d at 603.

The Court does find that J&J has adequately pleaded the allegations in the complaint to establish liability for default judgment on the claims.  Thus, J&J's motion for default judgment will be GRANTED IN PART with respect to Defendants' liability for the claims alleged by J&J in its complaint.  However, as to damages, the Court may not enter default judgment against Defendants at this time because the damages sought by J&J are not a sum certain.  Thus, the

Court will permit J&J to file a motion to establish damages for default judgment. J&J should include any evidence and/or affidavits to establish the amount of damages to which it contends is entitled. If such documentation is insufficient to "provide the requisite 'reasonable certainty' for a damages award without the necessity of a hearing," *e360 Insight*, 500 F.3d at 603, the Court will schedule a hearing on the matter at that time.

### III. MOTION FOR SUMMARY JUDGMENT

J&J has also moved for summary judgment in the instant motion. Because the Court has found that default judgment is warranted in this matter, J&J's motion for summary judgment will be DENIED as MOOT.

### III. CONCLUSION

For the foregoing reasons, J&J's motion for default judgment and summary judgment (DE 25) is:

(1) GRANTED IN PART, in that the Clerk is DIRECTED to enter default against Defendants in this case;

(2) GRANTED IN PART as to Defendants' liability for purposes of default judgment; and

(3) DENIED IN PART as MOOT with respect to J&J's motion for summary judgment.

As discussed above, J&J may submit a motion to establish damages for default judgment—along with such evidence and affidavits as are necessary to establish the amount of damages, attorneys' fees, and costs to which J&J contends it is entitled—on or before Friday, October 23, 2015. Defendants must submit any response in opposition, along with any evidentiary materials to support their position, on or before Tuesday, November 17, 2015. J&J

may file a reply brief on or before Friday, November 27, 2015.  In these filings, either J&J or Defendants may explain why a hearing on the matter of damages is necessary if they believe a hearing should be held.  If the Court finds the parties' filings of argument and evidence to be insufficient to establish damages to the requisite reasonable certainty, it will schedule a hearing of its own accord.

SO ORDERED.

Entered this 30th day of September 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge