UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

J&J SPORTS PRODUCTIONS, INC.,           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        No. 1:13-cv-00346-SLC
                                        )
CHRISTINE KOTSOPOULOS, *Individually*,  )
*d/b/a* Cancun Mexican Grill, and       )
GEO-JOE LLP, *An Unknown Business Entity* )
*d/b/a* Cancun Mexican Grill,           )
                                        )
        Defendants.                     )

## OPINION AND ORDER

Before the Court is a motion to establish damages for default judgment filed by Plaintiff

J&J Sports Productions, Inc. ("J&J"). (DE 35). Defendants Christine Kotsopoulos and GEO-

JOE LLP (together, "Defendants"), have filed a response. (DE 38). The time for J&J to file a

reply has now passed, and this motion is ripe for adjudication. J&J's motion will be GRANTED

for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

J&J had the exclusive nationwide commercial distribution rights to the Cotto/Margaritio

boxing program ("the program") at the time of its broadcast on December 3, 2011. (DE 26 at 5 ¶

9; DE 30 at 2). J&J brought this suit against Defendants, alleging the unauthorized interception

or receipt of its transmission of the program at Cancun Mexican Grill, a commercial

establishment in Fort Wayne, Indiana, on December 3, 2011. (DE 1).

J&J bases its allegations on the affidavit of a hired investigator, Ernesto A. Tatad, who

went to Cancun Mexican Grill on Saturday, December 3, 2011, and saw that the establishment

was broadcasting the program. (DE 35-3). Tatad entered Cancun Mexican Grill at 11:58 p.m. on Saturday, December 3, 2011. (DE 35-3 at 1). He was not charged cover. (DE 35-3 at 1). Inside Cancun Mexican Grill, Tatad observed that there were three televisions, which were all broadcasting the program. (DE 35-3 at 1). Tatad counted the number of patrons in the establishment three separate times, and his headcounts were 85, 87, and 90. (DE 35-3 at 1). Based on a count of the booths, tables, and chairs, Tatad estimated the capacity of the bar to be 95 people. (DE 35-3 at 1).

J&J filed a motion seeking entry of default judgment and/or summary judgment (DE 25), which the Court granted in part as to liability for default judgment (DE 33). In its previous order, the Court permitted J&J to submit a motion to establish damages for default judgment, which J&J has now filed, and which is the subject of this Opinion and Order. (DE 35). J&J seeks statutory damages in the amount of $7,200 and enhanced statutory damages in the amount of $7,200, for a total award of $14,400. (DE 35-1 at 2). J&J also seeks to recover $3,609.25 in costs and attorneys' fees. (DE 35-4; DE 35-5).

## II. LAW & ANALYSIS

After the entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 872 F.2d 1488, 1497 (7th Cir. 1989); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688, at 58-59 (3d ed. 1998 & Supp. 2012)). "Thus, 'damages must be proved unless they are liquidated or capable of calculation.'" *Id.* (quoting *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)). "Once the default is established, and thus liability, the plaintiff still must

establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  The Seventh Circuit has made clear that "judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits.'" *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Defendants have stated that no hearing is necessary if the damages are capped at the amounts requested by J&J in its motion and memorandum.  (DE 38 ¶ 6).  The Court need not conduct a hearing on damages because J&J has submitted adequate information in its supporting memorandum, exhibits, and affidavits to allow the Court to conduct the necessary inquiry and ascertain the amount of damages with the required reasonable certainty.  (DE 35-1 through DE 35-6).

J&J brought this action pursuant to  47 U.S.C. §§ 605 and 553, along with a claim for conversion under the common law.  (DE 1 ¶¶ 15-33).  "[T]he interception of cable television programming as it travels through the air is to be governed by § 605, while the interception of cable television programming traveling over a cable network (and specifically, the manufacture and distribution of decoder boxes) is to be governed by § 553(a)." *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996).  Under § 605, a plaintiff may elect to recover actual or statutory damages, with the statutory damages for each violation ranging from $1,000 to $10,000 as the

court considers just.  47 U.S.C. § 605(e)(3)(C)(i).  Additionally, the court may award enhanced statutory damages of up to $100,000 where the court finds a violation was willful and for purposes of commercial advantage or private financial gain.  47 U.S.C. § 605(e)(3)(C)(ii).  Under § 553, a plaintiff may also elect to recover actual or statutory damages, with the statutory damages for each violation ranging from $250 to $10,000.  47 U.S.C. § 553(c)(3)(A).  The court may also award enhanced statutory damages of up to $50,000 where the violation was willful and for purposes of commercial advantage or private financial gain.  47 U.S.C. § 553(c)(3)(B).

J&J has elected to recover statutory damages under § 605 rather than actual damages. (DE 35-1 at 1).  J&J also seeks to recover enhanced statutory damages under that section as well. (DE 35-1 at 1-2).  J&J does not request the maximum amount permitted by the statute for either statutory damages or enhanced statutory damages; instead, J&J requests $7,200 in statutory damages and $7,200 in enhanced statutory damages under the "per patron rate."  (DE 35-1 at 2). J&J specifically requests that the Court use an $80 per patron rate to calculate its statutory damages.  (DE 35-1 at 2).

Courts within the Seventh Circuit Court of Appeals have often applied a "per patron rate" for calculating statutory damages.  *See J & J Sports Prods., Inc. v. Homestyle Rest. Grp., LLC*, No. 13-CV-506, 2014 WL 4072132, at *3-4 (E.D. Wis. Aug. 15, 2014) (discussing the history of the "per patron rate"); *see also J & J Sports Prods. v. Estrada*, No. 14 C 2518, 2014 WL 2609751, at *3 (N.D. Ill. June 11, 2014).  In 1996, courts increased the per patron rate to $55, and in 2014, the court in *Homestyle Restaurant Group* suggested that the rate should be increased to $80 to allow for inflation.  2014 WL 4072132, at *3-4.  With J&J's investigator having counted a maximum of 90 patrons in Cancun Mexican Grill during the broadcast of the program,

4

an award under the per patron rate method would be $7,200, which is the amount requested by J&J. Defendants do not object to this amount; instead they state that no factual hearing is necessary if the amount of statutory damages are capped at the $7,200 amount requested by J&J. (DE 38 ¶ 6). Because the $7,200 award under the per patron rate method exceeds the $1,200 rate applicable from the rate card (DE 35-2 at 10), the Court will award the higher $7,200 amount in statutory damages. *See Joe Hand Promotions, Inc. v. Serrato*, No. 2:13-CV-409-JTM-PRC, 2014 WL 5314573, at *4 (N.D. Ind. Oct. 16, 2014) (citing *Homestyle Rest. Grp., LLC*, 2014 WL 4072132, at *4).

The Court must also determine whether to award enhanced statutory damages if Defendants' violation was committed willfully and for purposes of commercial advantage or private financial gain. Courts consider a number of factors when determining the amount of enhanced statutory damages, including: "(1) the number of violations; (2) defendants' unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendants advertised for the event; and (5) whether the defendants collected a cover charge on the night of the event." *Id.* (quoting *Estrada*, 2014 WL 2609751, at *3). "Courts also consider the deterrent effect of the award." *Id.*

Here, Defendants' statutory violation was committed willfully and for purposes of commercial advantage or private financial gain. The appropriation of the signal for the program without a license could not have occurred without some willful and intentional action by Defendants, whether it be modification of electrical equipment, misrepresentation of the restaurant as a residential location, the removal of detection devices, or some other intentional act. Although there was no cover charge or known advertising of the event, these are not

necessarily indicia of Defendants' willfulness, given that both advertising and a cover charge would tend to attract unwanted attention to the illicit activity. *See id.*, at *5. There were three televisions in the establishment, which were all broadcasting the program, and this shows that the program was the main entertainment of the evening. Although there is no evidence of past violations, the evidence shows that Cancun Mexican Grill's occupancy at 90 patrons during the program broadcast was close to its estimated capacity of 95 people, and thus the event likely imparted commercial advantage or financial gain. Additionally, enhanced damages are warranted to deter future conduct. J&J has requested enhanced statutory damages of $7,200, and Defendants have not opposed this amount; instead Defendants state that no hearing is necessary if the enhanced statutory damages are capped at the amount requested by J&J. (DE 38 ¶ 6). The Court finds that $7,200 in enhanced statutory damages is appropriate in this case and will therefore award J&J enhanced statutory damages in that amount.

In addition, J&J is entitled to recovery of full costs, including an award of reasonable attorneys' fees. 47 U.S.C. § 605(e)(3)(B)(iii). Defendants agreed in their response that the costs and attorneys' fees requested by J&J are reasonable. (DE 38 ¶¶ 3, 5). The following costs and attorneys' fees (DE 35-4; DE 35-5) are properly awarded to J&J in a total amount of $3,609.25:

(1)  Investigative costs                                              $650.00

(2)  Filing fee                                                       $400.00

(3)  Service of process                                               $13.00

(4)  Advance to local counsel to identify and serve initiating suit   $100.00
     papers upon Defendants

(5)  Attorney fees for national counsel Thomas P. Riley               $350.00
     (0.70 hours x $500.00/hour)

6

| (6) | Fees for Mr. Riley's administrative assistant (2.35 hours x $100.00/hour) | $235.00 |
| (7) | Attorney fees for Mr. Riley's associate attorney (0.15 hours x $275.00/hour) | $41.25 |
| (8) | Attorney fees for local counsel Charlie W. Gordon (10.4 hours x 175.00/hour) | $1,820.00 |
| Total: | | $3,609.25 |

### III. CONCLUSION

For the foregoing reasons, J&J's motion to establish damages for default judgment (DE 35) is GRANTED. The Clerk is DIRECTED to enter a judgment in favor of J&J and against Defendants, jointly and severally, in the sum of $14,400.00, plus attorneys' fees and costs of $3,609.25.

SO ORDERED.

Entered this 8th day of April 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge